# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### CLARKSBURG

**TONYA FARRELL**,

    Plaintiff,

v.       Civil Action No.   1:23-cv-60 Kleeh

**MON HEALTH CARE, INC.**,

    Defendant.

ELECTRONICALLY FILED
8/4/2023
U.S. DISTRICT COURT
Northern District of WV

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Mon Health Care, Inc.[1] ("Mon Health"), through its undersigned counsel, hereby gives notice of its removal of the above action from the Circuit Court of Monongalia County, West Virginia, to the United States District Court for the Northern District of West Virginia, Clarksburg point of holding court. For the reasons stated below, removal of this action is proper because Plaintiff alleges a denial of her rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a)(1), *et seq*. Therefore, this Court has federal question jurisdiction under 28 U.S.C. §1331 and supplemental jurisdiction over Plaintiff's remaining claims under 28 U.S.C. § 1367(a). As grounds for removal, Defendant further states as follows:

### STATE COURT ACTION

1. Plaintiff Tonya Farrell commenced this action by filing a Complaint on or about July 7, 2023, against Defendant Mon Health in the Circuit Court of Monongalia County, West Virginia, Civil Action No. 23-C-182.

---

[1] Plaintiff, by and through counsel, erroneously referred to Defendant, Plaintiff's purported former employer, in the case caption and Complaint as "Mon Health Care, Inc." It should be noted that the full title of the now-responsive Defendant, the health care system previously employing Plaintiff, is "Monongalia County General Hospital Company." For the purposes of this filing, the undersigned counsel will simply refer to Defendant as "Mon Health."

2. Plaintiff's Complaint asserts three claims against Mon Health: discrimination and retaliation in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a)(1) *et seq.*, (Count I); retaliation in violation of public policy, *see* Compl. ¶ 4 (citing W. Va. Code § 16-29-1) (Count II); and common law wrongful termination (Count III).

3. Service of the Summons and Complaint was effectuated on Defendant Mon Health through the Office of the Secretary of State for the State of West Virginia by certified mail on July 7, 2023.

4. A true and correct copy of the Summons and Complaint served on Mon Health is attached hereto as **Exhibit 1**. No other pleadings or discovery have been served or filed in this action, nor has any court order been entered.

5. This notice is timely filed pursuant to 28 U.S.C. §1446(b), in that it is filed within thirty (30) days from the date Defendant was served with the Complaint.

**GROUNDS FOR REMOVAL**

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2611. This action may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 in that it raises a federal question.

7. The allegations set forth in Count I of Plaintiff's Complaint (Compl. ¶¶ 1-17) demonstrate that this is a civil action seeking relief for alleged violations of the FMLA, 29 U.S.C. § 2615(a)(1), *et seq*. Specifically, the Complaint alleges "Defendant Mon Health terminated Plaintiff Farrell . . . as a direct and proximate result of Plaintiff taking medical leave under the Family Medical Leave Act, which unlawfully interfered with, restrained, and/or denied Plaintiff Farrell the exercise of her FMLA rights." (Compl. ¶ 15). Count I further alleges retaliation in violation of the FMLA, 29 U.S.C. § 2615(a)(2) *et seq*. The Complaint specifically alleges

Defendants "failed to investigate or properly address reports of retaliation that Plaintiff Farrell made so that Plaintiff was faced with continued mistreatment from Defendant's employees" (Compl. ¶ 16).

8. In addition, this Court has supplemental jurisdiction under 28 U.S.C. §1367(a) over Plaintiff's claims in Counts II and III of the Complaint. *See* 28 U.S.C. §§1367, 1441(c). In any civil action in which this Court has original jurisdiction, it also has supplemental jurisdiction under 28 U.S.C. §1367(a) over all state claims that are so related to the claims in the action within its original jurisdiction that they form part of the same controversy. Here, Plaintiff's state law claims incorporate many of the same allegations in support of Plaintiff's FMLA claims. *See* Compl. ¶ 18 ("Plaintiff Farrell hereby re-alleges each and every allegation contained in paragraphs one (1) through seventeen (17) as if fully restated herein.") and Compl. ¶ 26 ("Plaintiff Farrell hereby re-alleges each and every allegation contained in paragraphs (1) through twenty-five (25) as if fully restated herein.). Thus, these claims are based on the same facts, events, transactions, and concurrences as to form part of the same case and controversy. Therefore, this Court has supplemental federal jurisdiction over Plaintiff's state law claims found in Count II and III of the Complaint.

## REMOVAL REQUIREMENTS

9. This is a civil suit brought in the Circuit Court of Monongalia County, West Virginia, and, accordingly, pursuant to 28 U.S.C. §§129, 1441(a), and 29 U.S.C. § 2617, the Clarksburg point of holding court of the United States District Court for the Northern District of West Virginia is the proper forum for removal.

10. In accordance with 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been served upon Defendant to date in this matter are attached to this Notice of Removal as

**Exhibits 1.** A copy of the circuit court docket sheet is attached hereto as **Exhibit 2**.

11. This Notice of Removal has been signed by the counsel for Defendant Mon Health, in compliance with the requirements of 28 U.S.C. §1446(a) and Rule 11 of the Federal Rules of Civil Procedure.

12. In accordance with 28 U.S.C. § 1446(d), a true and complete copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Monongalia County, West Virginia and served upon Plaintiff.

**ACCORDINGLY**, Defendant Mon Health removes this action to this Court, and respectfully request that this Court accept jurisdiction of this action and that this action be henceforth placed on the docket of this Court for all further proceedings as though the same action had been originally commenced in this Court.

Dated:  August 4, 2023

Respectfully submitted,

LITTLER MENDELSON, P.C.

*/s/ Theodore A. Schroeder*
Theodore A. Schroeder (WV Bar No. 9803)
TSchroeder@littler.com
625 Liberty Avenue, 26th Floor
Pittsburgh, PA  15222
(412) 201-7624

Kaitlyn B. Samuelson (WV Bar No. 13859)
KSamuelson@littler.com
707 Virginia Street, E., Suite 1010
Charleston, WV 25301
(304) 599-4626

*ATTORNEYS FOR DEFENDANT*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### CLARKSBURG

**TONYA FARRELL**,

    Plaintiff,

v.

**MON HEALTH CARE, INC.**,

    Defendant.

Civil Action No. 1:23-cv-60

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 4th day of August, 2023, a true and correct copy of the foregoing **Notice of Removal** was filed via the Court's electronic filing, or CM/ECF, system. Notice of filing will be performed by the Court's electronic filing system, and the following parties may access the document through the electronic filing system:

Steven R. Bratke, Esq.
Klie Law Offices, PLLC.
21 E. Main Street, Suite 160
Buckhannon, West Virginia 26201
sbratke@klielawoffices.com
(304) 472-5007
*Counsel for Plaintiff*

*s/ Theodore A. Schroeder*
Theodore A. Schroeder (WV Bar No. 9803)

4866-5426-2388.2 / 083799-1000