```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**TONYA FARRELL,**

      **Plaintiff,**

**v.**                                         **CIVIL ACTION NO. 1:23-CV-60**
                                                                            **(KLEEH)**

**MON HEALTH CARE, INC.,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE OR REOPEN DISCOVERY [ECF NO. 39]**

Pending before the Court is *Plaintiff's Motion to Strike or, in the alternative, Motion to Reopen Discovery and for Leave to File Surreply Regarding Defendant's Motion for Summary Judgment* [ECF No. 39]. Defendant Mon Health Care, Inc.[1] ("Mon Health" or "Defendant") responded in opposition to the Motion on November 7, 2024 [ECF No. 40] and Plaintiff Tonya Farrell ("Plaintiff" or "Farrell") replied in further support of her Motion on November 14, 2024 [ECF No. 42]. The Court convened for a hearing on the subject Motion on January 22, 2025. The Motion is thus fully briefed and ripe for review. For the reasons stated herein, Plaintiff's Motion [ECF No. 39] is **DENIED**.

---

[1] Defendant contends Monongalia County General Hospital Company is the proper name of Defendant.

1

I.    RELEVANT BACKGROUND

Plaintiff filed the subject Motion upon receipt of *Defendant Mon Health's Reply Brief in Support of Motion for Summary Judgment* [ECF No. 38], in which Plaintiff contends Defendant withheld evidence during discovery and submitted evidence in its reply brief for the first time. ECF No. 39.

Previously, Defendant moved for summary judgment in this matter. ECF No. 35. In opposition to Defendant's Motion for Summary Judgment, Plaintiff argued that Defendant's proffered reason for her discharge was pretextual retaliation for Plaintiff's Family and Medical Leave Act ("FMLA") use because co-worker Mary Lou Frizza, who Plaintiff alleged did not use FMLA leave, was not terminated for her related misconduct. ECF No. 37 at p. 17. In response to Plaintiff's claim regarding Frizza's FMLA use, Defendant stated in its reply briefing that Frizza had previously utilized FMLA leave. ECF No. 38 at pp. 1, 5-6. To support its contention, Defendant cited to a FMLA usage report for Wedgewood employees, in which the employees were identified by employee ID numbers [ECF No. 35-7] ("FMLA report") and attached an affidavit of Mon Health's Human Resources Business Partner Tiffany Smith, in which she attested to the authenticity of the FMLA report and confirmed Frizza's employee ID number was #8490 [ECF No. 38-1].

Plaintiff accordingly filed *Plaintiff's Motion to Strike or, in the alternative, Motion to Reopen Discovery and for Leave to*

2

*File Surreply Regarding Defendant's Motion for Summary Judgment* [ECF No. 39]. Farrell complains that Defendant improperly withheld evidence regarding Frizza's FMLA use and asks the Court to either strike this evidence or reopen discovery so Plaintiff can respond to the evidence. ECF No. 39.

## II.  MOTION TO STRIKE OR EXCLUDE EVIDENCE

Plaintiff first asks the Court to "strike" the evidence and argument regarding Frizza's FMLA leave, including Tiffany Smith's affidavit, from the summary judgment briefing because it was allegedly not disclosed in discovery. ECF No. 39 at pp. 1-6. Traditionally, a motion to strike is a "procedural mechanism by which a party challenge[s] the sufficiency of a pleading or of evidence, with a goal toward removing the pleading ... from the record, so that it [i]s not considered by a judge or jury." Kelly v. FedEx Ground Package Sys., Inc., 2011 WL 1584764, at *2 (S.D.W. Va. Apr. 26, 2011); see also Strike, Black's Law Dictionary (11th ed. 2019) (defining "strike" to mean "expunge, as from a record").

However, "[c]ourts typically construe a Rule 12(f) motion to strike as 'an improper procedural tool for striking another motion' or other filings that do not qualify as pleadings." Minnesota Life Ins. Co. v. Alexander, 2024 WL 4679137, at *4 (E.D. Va. Nov. 4, 2024) (quoting Nationwide Mut. Ins. Co. v. Overlook, LLC, 785 F. Supp. 2d 502 (E.D. Va. 2011)). Accordingly, although Plaintiff titles the Motion as a motion to strike, the subject Motion is

3

more properly presented under Rule 37 of the Federal Rules of Civil Procedure. See Anderson v. Peele, 2024 WL 1221569, at *2 (E.D.N.C. Mar. 21, 2024) (finding the plaintiff's motion to strike text messages provided in support of the defendant's motion for summary judgment to be more properly presented as a motion to compel discovery). Rule 37 provides in pertinent part that "[i]f a party fails to provide information. . .as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion. . .unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37.

Plaintiff argues that Defendant violated Federal Rule of Civil Procedure 26 by not identifying Frizza as an individual with discoverable information in its initial disclosures. ECF No. 39 at p. 2. Further, Plaintiff contends that such information was specifically sought via a discovery request on December 22, 2023. Id. at p. 3. Interrogatory No. 12 of *Plaintiff, Tonya Farrell's First Set of Combined Discovery Requests to Defendant, Mon Health Care, Inc.* states:

> Please identify all employees who have filed for FMLA leave in the past five (5) years and list the following:
>     a. Their rate of pay at the date of Plaintiff's termination;
>     b. Their job position; and
>     c. Whether they have complained of retaliation.

4

Id. at p. 3. Defendant objected to Interrogatory No. 12 as being vague, overbroad, unduly burdensome, and irrelevant. Id. at p. 4; ECF No. 40 at p. 2. Upon meeting and conferring, Defendant maintained its objection but provided Plaintiff with the FMLA report which identified by Employee ID number all Mon Health employees within the Wedgewood Clinics, who had filed for FMLA within the past five years and whether they had complained of retaliation. ECF No. 39 at p. 4; ECF No. 40 at p. 3. Because Defendant did not identify Frizza by her name and job title in its initial disclosures or in response to Interrogatory No. 12, Plaintiff contends that Defendant improperly withheld evidence of Frizza's FMLA use and should not be permitted to rely on such evidence in its summary judgment briefing. Plaintiff further argues she has been denied the ability to respond to this evidence. ECF No. 39 at p. 5.

Pursuant to Rule 37, Plaintiff argues that evidence of Frizza's FMLA use should be excluded because (1) the evidence was a surprise to Plaintiff; (2) the surprise cannot be cured because discovery is closed and Plaintiff cannot file a surreply without leave of court; (3) allowing the evidence at this stage would disrupt the proceedings because Plaintiff was not able to evaluate how the evidence impacts Plaintiff's comparator arguments; (4) the evidence is important and central to Plaintiff's claims; and (5) Defendant has not provided an explanation for failing to disclose

5

the evidence. ECF No. 39 at p. 5. Plaintiff further argues that even if the evidence was not improperly withheld, she would be unfairly prejudiced if the Court allowed the evidence without having an opportunity to respond. Id. at p. 6.

Defendant denies it withheld any evidence and contends the information contained in its reply briefing was not new evidence. ECF No. 40 at p. 8. First, Plaintiff listed Mary Lou Frizza as a possible witness and Defendant incorporated all of Plaintiff's witnesses within its own Rule 26(a) disclosures. ECF No. 40 at p. 1. Thus, Defendant denies that it failed to properly identify Frizza; rather, Plaintiff was aware of Frizza's possible relevance since the beginning of the case.

Regarding its answer to Interogattory No. 12, Defendant provided a list of 34 employees at Plaintiff's workplace and their use of FMLA. Plaintiff did not seek more clarifying information, did not object to the employees being identified by ID number only, and did not file a motion to compel. ECF No. 40 at pp. 3-4. Further, Defendant argues that Plaintiff had ample opportunity to discover information regarding FMLA usage and comparators in Farrell's workplace during discovery. Id. Because Plaintiff identified Frizza in her Rule 26 initial disclosures in October 2023, she could have subpoenaed and deposed Frizza. Id.

Defendant also notes that Plaintiff's counsel conducted six depositions, but did not question those individuals about the scope

or parameters of Frizza's FMLA leave. Id. Defendant did not object to Plaintiff's 30(b)(6) notice, which included seeking knowledge and testimony regarding FMLA employee usage, policies, procedures, and investigations. Id. at p. 4. Yet, Plaintiff did not ask either of Mon Health's corporate representatives about FMLA use or investigations at the Wedgewood clinic or seek clarification about the FMLA report. Id. Notably, Plaintiff's counsel asked about other employees' FMLA status, but did not ask about Frizza's FMLA use. Id. at p. 5.

Defendant additionally contends that the information cited in its reply briefing and certified by Ms. Smith's affidavit does not qualify as new evidence. Id. at p. 9. The FMLA report was provided to Plaintiff on February 5, 2024, and Ms. Smith was deposed on July 8, 2024. Id. Rather, Defendant asserts that it had to clarify the factual record in light of the "new and unsupported factual contentions" in Plaintiff's summary judgment response briefing — i.e., that Frizza was treated differently than Plaintiff because she did not use FMLA. Id. Thus, Defendant asserts that the reply briefing and Ms. Smith's affidavit regarding Frizza's FMLA use should not be struck from the record.

Here, the Court agrees with Defendant that the clarifying information Defendant included in its reply briefing was not new evidence and was not improperly withheld from Plaintiff. Defendant objected to Interrogatory No. 12 on several grounds. After meeting

7

and conferring, Defendant provided the FMLA report for employees at Wedgewood and their FMLA use. Thereafter, Plaintiff did not contest Defendant's response, either through a second good faith letter or by filing a motion to compel. Pursuant to Local Rule of Civil Procedure 37.02 (b), Plaintiff waived the right to object to Defendant's response to Interrogatory No. 12 by not filing a motion to compel within 30 days of receipt of the employee FMLA report. Plaintiff cannot now argue that Defendant failed to disclose material evidence, when she did not challenge the employees being identified by ID number in the FMLA report. Furthermore, Plaintiff identified Frizza as a person who could have knowledge related to this matter. Accordingly, Plaintiff could have specifically sought information about Frizza and her FMLA use through written discovery or through depositions.

Defendant did not rely on the fact that Frizza used FMLA as a defense in this case. Rather, Defendant was required to clarify the record based on Plaintiff's unsupported contention that Frizza was a proper comparator. The fact that Plaintiff made such an argument in her summary judgment response without any citation to the record is concerning.[2] Had Plaintiff planned on using Frizza

---

[2] See ECF No. 37 at p. 17 ("First and foremost, Defendant's treatment of Plaintiff was disproportionately severe when viewed in light of the egregious conduct of Mary Lou Frizza, a coworker who was not engaged in the protected activity of using FMLA leave.").

8

as a comparator or arguing Defendant's reason for terminating Farrell was pretextual, Plaintiff could have used several different discovery tools during the discovery phase. Accordingly, Defendant did not improperly withhold evidence of Frizza's FMLA use, and such evidence will not be excluded from Defendant's briefing.

### III. MOTION TO REOPEN DISCOVERY AND FILE SURREPLY

In the alternative, Plaintiff requests the Court reopen discovery and grant Plaintiff leave to file a surreply to Defendant's motion for summary judgment. ECF No. 39 at p. 6.

Rule 56(d) of the Federal Rules of Civil Procedure provides that if the opposing party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to the motion for summary judgment, the court can defer or deny the motion. Fed. R. Civ. P. 56(d).

> Thus, if a nonmovant believes further discovery is necessary for its opposition to summary judgment, the proper course is to submit "a Rule 56(d) affidavit that outlines the need for discovery and what additional facts [the nonmovant] hope[s] to uncover through discovery to properly defeat summary judgment," or to otherwise "put the district court on notice as to which specific facts are yet to be discovered[.]"

Courtland Co., Inc. v. Union Carbide Corp., 2021 WL 2110877, at *2 (S.D.W. Va. May 25, 2021) (internal citations omitted). However, a court should not reopen discovery and defer ruling on a summary

9

judgment motion when "the party seeking to defer a ruling on that motion had a reasonable opportunity to conduct essential discovery." Hodgin v. UTC Fire & Sec. Americas Corp., 885 F.3d 243, 250 (4th Cir. 2018). A court can further deny a Rule 56(d) motion "when the information sought would not by itself create a genuine issue of material fact sufficient for the nonmovant to survive summary judgment." Id. (quoting Pisano v. Strach, 743 F.3d 927, 931 (4th Cir. 2014)).

Additionally, pursuant to Local Rule of Civil Procedure 7.02(b)(3), a party may not file a surreply or surrebuttal memorandum without leave of court. LR Civ. P. 7.02(b)(3).

Plaintiff asserts that good cause exists to reopen discovery because Plaintiff submitted timely discovery requests regarding employee FMLA use and Defendant introduced relevant evidence for the first time in its summary judgment reply. ECF No. 39 at p. 7. Plaintiff contends that reopening discovery is necessary for Plaintiff to meaningfully respond to Defendant's motion for summary judgment. Id. Specifically, Plaintiff requests the opportunity to discover when Frizza began using FMLA, how long she used leave, if the leave was intermittent, and whether it was approved by Farrell's supervisors. Id. at p. 9. Plaintiff's counsel filed an affidavit affirming that Plaintiff cannot present facts to justify its opposition to Defendant's summary judgment motion without reopening discovery. ECF No. 43.

Defendant urges the Court to not reopen discovery because Plaintiff has already had a reasonable opportunity to conduct discovery regarding Frizza's FMLA use; the evidence would not materially affect the outcome of this case; and the surreply is not necessary because the subject information in Defendant's reply brief was responsive argument to claims raised in Plaintiff's response briefing. ECF No. 40 at p. 10.

Here, the Court finds it unnecessary and improper to reopen discovery in this matter. Discovery closed on August 15, 2024. ECF No. 28. Plaintiff received the list of Wedgewood employees, identified by employee numbers, and their FMLA usage in February 2024 [ECF No. 35-7]. Thus, Plaintiff had several months after receiving the FMLA report to seek additional clarifying information or file a motion to compel regarding Plaintiff's Interogattory No. 12. Furthermore, pursuant to Plaintiff's 30(b)(6) notice, Defendant provided two corporate representatives to provide testimony regarding FMLA employee usage, policies, procedures, and investigations. But, Plaintiff did not take any of these opportunities between February and August 2024 to discover information about Frizza's FMLA use. Accordingly, Plaintiff had a reasonable opportunity to discover the now-sought information before Defendant moved for summary judgment and Plaintiff's Motion to reopen discovery and file a surreply is **DENIED**. Because the Court finds that Plaintiff had a reasonable opportunity to discover

11

information regarding Frizza's FMLA use, the Court need not address Defendant's additional arguments against reopening discovery.

### IV.   CONCLUSION

For the foregoing reasons, *Plaintiff's Motion to Strike or, in the alternative, Motion to Reopen Discovery and for Leave to File Surreply Regarding Defendant's Motion for Summary Judgment* [ECF No. 39] is **DENIED**. The Court will rule on *Defendant Mon Health's Motion for Summary Judgment* [ECF No. 35] based upon the present record and Plaintiff is not granted leave to file a surreply.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record by the CM/ECF system.

**DATED:**   August 14, 2025

*/s/ Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA